IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


MICHAEL WEST                                                                                    PLAINTIFF


VS.                                         CASE NO. 06-CV-4020


CITY OF TEXARKANA, ARKANSAS and
JOHN VAN METER (Individually and in his official
capacity as a Police Officer of the City of Texarkana)                                          DEFENDANTS


**MEMORANDUM OPINION**

Before the Court is a Motion for Partial Summary Judgment filed on behalf of separate Defendants City of Texarkana, Arkansas, and John Van Meter in his official capacity as police officer of the City of Texarkana. (Doc. 11-1). Plaintiff Michael West has responded. (Doc. 14). Defendants have replied to Plaintiff's response. (Doc. 16). The Court finds the matter ripe for consideration.

BACKGROUND

On March 31, 2003, Michael West was involved in an automobile accident in Texarkana, Arkansas. Officer John Van Meter arrived at the scene shortly thereafter. Officer Van Meter administered a series of field sobriety tests and then placed West under arrest for suspicion of driving while intoxicated. Officer Van Meter handcuffed West with his hands behind his back. The parties dispute what happened after this point.[1]

---

[1] Where there are factual disputes, the Court bases the following summary on accounts provided by West, the nonmoving party. *See Mettler v. Whitledge*, 165 F.3d 1197, 1200 (8th Cir. 1999).

According to West, Officer Van Meter slammed West's head into the patrol car. Then, West directed profane language toward Officer Van Meter. In response, Officer Van Meter threw West to the ground and landed on top of him. West sustained multiple injuries from the fall and was transported to the hospital for treatment. West suffered broken teeth, lacerations to his face and mouth that required stitches, and permanent scarring. West was charged with driving while intoxicated, violation of the implied consent law, and third-degree battery. West pled guilty to driving while intoxicated and violating the implied consent law, but the battery charge was dismissed.

West has filed suit in this Court against the City of Texarkana, Arkansas and Officer John Van Meter in his official and individual capacities, alleging violations of 42 U.S.C. §§ 1983 and 1988 as a result of excessive force by Officer Van Meter in effectuating West's arrest. This case is now before the Court on the issue of summary judgment. The City of Texarkana and Officer Van Meter argue that they are entitled to summary judgment because claims of official capacity liability require proof of an illegal or unconstitutional custom or policy resulting in the violation of the constitutional rights of arrestee and that there is no proof of such a custom or policy in this case. West argues that such a custom or policy does exist here.

## DISCUSSION

The issue here is whether the City and Officer Van Meter in his official capacity can be held liable for any alleged constitutional violations.[2] Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of

---

[2] A plaintiff seeking damages in an official-capacity suit is seeking judgment against the entity. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099 (1985). Therefore, the defendants in this case will be collectively referred to as the City.

law.  Fed. R. Civ. P. 56(c).  This Court construes the facts in a light most favorable to the nonmoving party.  *Mettler*, 165 F.3d at 1200.

Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018 (1978).  However, a municipality may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom.  *See id*; *see also Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998).  For a municipality to be liable, a plaintiff must prove that a municipal policy or custom was the "moving force [behind] the constitutional violation."  *Monell*, 436 U.S. at 694, 98 S. Ct. 2018.  "To establish a city's liability based on its failure to prevent misconduct by employees, the plaintiff must show that city officials had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action."  *Parrish v. Luckie,* 963 F.2d 201, 204 (8th Cir. 1992).

West has alleged that the City is liable for violating his constitutional rights because the City had a policy and custom of "tolerating Officer Van Meter's propensity toward violence and his disregard for stated police policy."  For the City to have violated West's constitutional rights by ignoring a known risk of physical harm presented by Officer Van Meter to West, it must be shown that the City:  (1) received notice of a pattern of unconstitutional acts committed by Van Meter, (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts, (3) failed to take sufficient remedial action, and (4) that such failure proximately caused injury to West.  *See Jane Doe A. v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990).

In this case, West has pointed to evidence that arguably shows that the City had notice

that Officer Van Meter had a propensity for violence.  Officer Van Meter discharged a service weapon at a deer, fired shots at a vehicle where an investigation concluded that Van Meter failed to follow police policy, and received citations for failure to use his patrol car video properly.  Officer Van Meter has been involved in at least three physical altercations while he was off duty.  Officer Van Meter was suspended for off-duty driving violations and was cited twice for sleeping during training sessions.  West argues that the above incidents show that the City "passively condoned misconduct in the form of an aggressive propensity toward violence by Officer Van Meter and a repeated failure to follow city policy by its police officers."

   Although the above practices might be unwise, there is no evidence that Officer Van Meter used excessive force in any of the above incidents or otherwise violated anyone's constitutional rights.  Cities have been held liable where the prior complaints of physical or sexual assault were quite similar to the type of officer misconduct that caused the constitutional deprivation actually suffered by the plaintiffs.  *See Parrish*, 963 F.2d at 204–05; *Harris v. City of Pagedale*, 821 F.2d 499, 508 (8th Cir. 1987).  However, in the present case, the prior reported instances of Officer Van Meter's misconduct are not similar to West's allegation of the use of excessive force by Officer Van Meter resulting in constitutional violations.

   West points out that Officer Van Meter was investigated for use of excessive force in February 2005, nearly two years after the incident at issue.  However, to show that a municipal custom allowed Officer Van Meter to violate West's constitutional rights, West would need to show that the City had failed to investigate or was deliberately indifferent to *previous* allegations of Officer Van Meter using excessive force.  *See Mettler v. Whitledge*, 165 F.3d 1197, 1205 (8th Cir. 1999).  In this case, there is no evidence that the City ever had received, or had been

4

deliberately indifferent to, complaints of excessive force on the part of Officer Van Meter *prior* to the incident at issue. Moreover, even if the February 2005 investigation had happened before the incident at issue, a single incident normally does not suffice to prove the existence of a municipal custom. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24, 105 S. Ct. 2427 (1985). West has not offered enough evidence from which a jury could reasonably find the existence of a relevant municipal custom. Thus, the City and Officer Van Meter in his official capacity are entitled to judgment as a matter of law.

## CONCLUSION

For reasons discussed herein and above, the Court finds that the Motion for Partial Summary Judgment should be and hereby is **GRANTED**. An order of even date, consistent with this opinion, shall issue.

**IT IS SO ORDERED**, this 30th day of March, 2007.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge